CARROLL, DONALD K., Chief Judge.
This is an appeal from an order entered by the Circuit Court for Leon County affirming an order of the State Comptroller denying an application for a permit to *342 engage in the small loan business in Key Biscayne, Dade County, Florida.
In this appeal it is necessary for us to construe and apply the provisions of the Small Loan Law of Florida, being Chapter 516, Florida Statutes, F.S.A.
The Comptroller of the State of Florida is designated as the licensing official of small loan businesses under Section 516.01 (1) (d), Florida Statutes, F.S.A. The appellant, pursuant to Section 516.02, made an application for a license to operate such a business in Key Biscayne. In accordance with the requirements of Section 516.05(1) the Comptroller instituted an investigation of the facts concerning the application. On June 29, 1960, a hearing was held in the City of Tampa before the Director of the Small Loan Department in the State Comptroller’s office as authorized by Section 516-11, at which the applicant was represented by counsel, and a number of objectors were also present.
By an order dated December 5, 1960, the Comptroller denied the application for the following reasons :
“After due consideration, it is determined that presently there are ample and sufficient numbers of Small Loan Licensees and Discount Consumer Finance Registrants in the Key Biscayne area to accommodate Small Loan borrowers and that the granting of the application would not promote the convenience and advantage of the Key Biscayne community.”
The determination of the issue on this appeal requires a construction of the following provision of Section 516.05(2), Florida Statutes, F.S.A.:
“516.05(2) Issuance or denial of license. — If the licensing official shall find (a) that the financial responsibility, experience, character, and general fitness of the applicant, and of the members thereof, if the applicant is a co-partnership or association, and of the officers and directors thereof if the applicant be a corporation, are such as to command the confidence of the-public and to warrant belief that the business will be operated lawfully, honestly, fairly and efficiently within the purposes of this chapter, and (b) that allowing such applicant to engage in the business will promote the convenience and advantage of the community in which the business of the applicant is to be conducted, (in making such-determination the licensing official shall' take into consideration the services rendered borrowers of the said community by the registrants, if any, under chapter 519 as well as licensees, if any, under this chapter in said community) and (c) that the applicant has available for the operation of such business at the specified location liquid assets of at least ten thousand dollars, if the specified location is in a community of twenty-five thousand or less-population, according to the last United States census, or twenty-five thousand dollars, if the specified location-is in a community of more than twenty-five thousand population, according to-said census, he shall thereupon file his-findings of fact with the department, and enter an order granting such application and issue and deliver a license to the applicant to make loans in accordance with the provisions of this chapter at the location specified in-said application (provided that nothing in this chapter shall be construed to prevent a licensee from lending to residents of any part of this state or any other state or country nor to prohibit the making of loans by mail when authorized by the department). Said license shall remain in full force and effect until surrendered by the licensee or revoked or suspended as provided by law, or as may be prohibited by the provisions of this chapter. If the licensing official shall not so find, he shall thereupon enter an order denying such application and notify the applicant of the denial and return the sum paid *343 as a licensee fee, retaining the one hundred dollars investigation fee to cover the cost of investigating the application. The licensing official shall approve or deny every application for license hereunder within ninety days from the filing thereof with the said fees.”
The portion of the above section between the first parentheses is not found in the small loan laws of other states that we have examined.
Our problem is to interpret the word “community” — the last word in the first parenthesized clause as applied to the facts in this record.
According to the record: Key Biscayne is an island several miles from the mainland, with which it is connected by a long causeway. On this island live several hundred permanent residents, with at least 900 houses, five churches, two shopping centers, a post office, and a chamber of commerce. There are no lenders of any kind in Key Biscayne itself but there are about 177 licenses under chapters 516 and 519 in Dade County, most of them located in Miami, Miami Beach, and Coral Gables. A feature of Key Biscayne is the predominance of expensive luxury homes indicating a populace primarily of well-to-do inhabitants who, presumably, would not likely be prospective borrowers from the applicant.
We agree with the Circuit Court that from the record the Comptroller could lawfully conclude' that there was no substantial clear demand from the applicants for the services the applicant could provide, and that the convenience and advantage of borrowers in Key Biscayne were amply accommodated by the availability of the many existing small loan and consumer discount registrants in the Greater Miami .area, even though there was none in Key Biscayne itself.
In this state of the record we think that •in the order appealed from the Circuit Court properly affirmed the Comptroller’s order, and, therefore, the court’s order so affirming is
Affirmed.
STURGIS and RAWLS, JJ., concur.